**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEMAIRE ILLUMINATION TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | Case No. 2:18-cv-00021-JRG <br><br> JURY TRIAL DEMANDED |

**HTC CORPORATION'S ANSWER AND DEFENSES TO
LEMAIRE ILLUMINATION TECHNOLOGIES, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant HTC Corporation ("Defendant" or "HTC"), by and through its undersigned counsel, hereby responds to Lemaire Illumination Technologies, LLC's ("Plaintiff" or "Lemaire Illumination" or "Lemaire") Complaint for Patent Infringement ("Complaint"). Except as expressly admitted herein, HTC denies all allegations of the Complaint.

**INTRODUCTION**

1.  HTC admits that (i) U.S. Patent No. 6,095,661 (the "'661 patent") states on its face that it was issued on August 1, 2000 and states on its face that it is titled "Method and Apparatus for an L.E.D. Flashlight," (ii) U.S. Patent No. 6,488,390 (the "'390 patent") states on its face that it was issued December 3, 2002 and states on its face that it is titled "Color-Adjusted Camera Light and Method," and (iii) U.S. Patent No. 9,119,266 (the "'266 patent") states on its face that it was issued August 28, 2015 and states on its face that it is titled "Pulsed L.E.D. Illumination Apparatus and Method." HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and therefore denies them.

2. Denied.

## THE PARTIES

3. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and therefore denies them.

4. HTC admits that it is a Taiwanese corporation. HTC denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. HTC admits that the Complaint purports to bring an action for infringement arising under 35 USC §§ 271(a)-(c) and 281-285, but HTC denies it infringes any valid patent claim of the '661, '390, and '266 patents.

6. HTC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. HTC denies that this Court has personal jurisdiction over HTC. HTC is a Taiwanese corporation with its principal place of business in New Taipei City, Taiwan. HTC develops, tests, manufactures, and sells the accused products in Taiwan. HTC does not conduct any of these activities in the Eastern District of Texas. HTC does not have facilities or retail stores in the Eastern District of Texas, nor does HTC have employees in the Eastern District of Texas who are involved in the development or testing of the accused devices. HTC's relevant engineering, marketing, or finance records are not in the Eastern District of Texas. HTC denies the remaining allegations of Paragraph 7.

8. Denied.

9. HTC denies that venue is proper in this district. HTC denies that this district is a convenient forum for this case and denies committing any acts of infringement in this forum.

## FACTUAL BACKGROUND

### A. Inventor Charles A. Lemaire

10. HTC restates its answers in response to each of Lemaire's incorporated allegations.

11. HTC admits that Charles Lemaire is listed as an inventor on the face of the '661, '390, and '266 patents. HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies them.

12. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies them.

13. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies them.

15. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies them.

16. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies them.

### B. Mr. Lemaire's Inventions related to LEDs

17. HTC restates its answers in response to each of Lemaire's incorporated allegations.

18. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies them.

19. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies them.

20. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies them.

21. HTC admits that the '661 patent states on its face that U.S. App. No. 09/044559 was filed on March 19, 1998. HTC denies that this application was "duly and legally issued." HTC denies the remaining allegations contained in Paragraph 21.

22. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies them.

23. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies them.

### C. Lemaire Illumination

24. HTC restates its answers in response to each of Lemaire's incorporated allegations.

25. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies them.

27. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies them.

### D. Lemaire Illumination Patents

28. HTC restates its answers in response to each of Lemaire's incorporated allegations.

29. HTC admits that Mr. Lemaire is a listed inventor on the face of the '661, '390, and '266 patents. HTC denies that the USPTO "recognized the contributions of Mr. Lemaire."

30. HTC admits that the '661 patent states on its face that it was issued on August 1, 2000 and is titled "Method and Apparatus for an L.E.D. Flashlight." HTC lacks knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in Paragraph 30, and therefore denies them.

31. HTC admits that the '390 patent states on its face that it was issued on December 3, 2002 and is titled "Color-Adjusted Camera Light and Method." HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31, and therefore denies them.

32. HTC admits that the '266 patent states on its face that it was issued on August 25, 2015 and is titled "Pulsed L.E.D. Illumination Apparatus and Method." HTC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32, and therefore denies them.

33. HTC admits that it became aware of the '661, '390, and '266 patents after Lemaire filed its complaint. HTC denies that it was "well aware" of the '661, '390, and '266 patents. HTC further denies it was aware of the '661, '390, and '266 patents at any time prior to when Lemaire filed its complaint.

**E. Conduct by Defendant**

**i. The HTC One M8 Smartphone Device**

34. HTC restates its answers in response to each of Lemaire's incorporated allegations.

35. HTC admits that, on or around March 25, 2014, it unveiled the HTC One M8 Smartphone device.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### ii. The HTC One M9 Smartphone Device

40. HTC restates its answers in response to each of Lemaire's incorporated allegations.

41. HTC admits that, on or around March 1, 2015, it unveiled the HTC One M9 Smartphone device.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### iii. The HTC 10 Smartphone Device

46. HTC restates its answers in response to each of Lemaire's incorporated allegations.

47. HTC admits that, on or around April 12, 2016, it unveiled the HTC 10 Smartphone device.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### iv. The HTC Desire Eye Smartphone Device

52. HTC restates its answers in response to each of Lemaire's incorporated allegations.

53. HTC admits that, on or around October 8, 2014, it unveiled the HTC Desire Eye Smartphone device.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

### v. The HTC U Ultra Smartphone Device

60. HTC restates its answers in response to each of Lemaire's incorporated allegations.

61. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore denies them.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT I

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,095,661

66. HTC restates its answers in response to each of Lemaire's incorporated allegations.

67. HTC admits the '661 patent states on its face that it has an issue date of August 1, 2000. HTC admits that the '661 patent states on its face that it is titled "Method and Apparatus for an L.E.D. Flashlight." HTC denies that the '661 patent was "duly and legally issued."

68. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore denies them.

69. HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and therefore denies them.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT II

### INFRINGEMENT OF UNITED STATES PATENT NO. 6,488,390

81.     HTC restates its answers in response to each of Lemaire's incorporated allegations.

82.     HTC admits the '390 patent states on its face that it has an issue date of December 3, 2002.  HTC admits that the '661 patent states on its face that it is titled "Color-Adjusted Camera Light and Method."  HTC denies that the '390 patent was "duly and legally issued."

83.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and therefore denies them.

84.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and therefore denies them.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## COUNT III

## INFRINGEMENT OF UNITED STATES PATENT NO. 9,119,266

96.     HTC restates its answers in response to each of Lemaire's incorporated allegations.

97.     HTC admits that the '266 patent states on its face that it has an issue date of August 25, 2015.  HTC admits that the '266 patent states on its face that it is titled "Pulsed L.E.D. Illumination Apparatus and Method."  HTC denies that the '266 patent was "duly and legally issued."

98.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore denies them.

99.     HTC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore denies them.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

## EXCEPTIONAL CASE

111. HTC restates its answers in response to each of Lemaire's incorporated allegations.

112. Denied.

113. Denied.

114. Denied.

## DEMAND FOR JURY TRIAL

115. No response is required to Lemaire Illumination's demand for a trial by jury, but HTC hereby demands a trial by jury on all issues so triable, including without limitation, HTC's defenses.

## PRAYER FOR RELIEF

116. HTC denies that Lemaire Illumination is entitled to any relief.

## HTC'S DEFENSES

A. HTC incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses. By asserting these defenses, HTC does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. HTC reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

B. The Complaint was filed in the improper venue and should thus be dismissed or transferred.

## SECOND AFFIRMATIVE DEFENSE

C. HTC does not and has not infringed (not directly, indirectly, contributorily, by inducement, willfully, jointly, or otherwise) any valid and enforceable claim of the '661, '390, and '266 patents, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

D. Each of the claims of the '661, '390, and '266 patents are invalid for failing to comply with one or more requirements of the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

E. Each of the claims of the '661, '390, and '266 patents fail to comply with 35 U.S.C. § 101 because each asserted claim is directed towards patent-ineligible subject matter such as abstract ideas without any inventive concept to transform the abstract ideas into patent eligible subject matter.

## FIFTH AFFIRMATIVE DEFENSE

F. By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '661, '390, and '266 patents and any related applications, the '661, '390, and '266 patents are so limited that none of the claims of the '661, '390, and '266 patents could be properly construed to cover any activity of HTC.

## SIXTH AFFIRMATIVE DEFENSE

G. Lemaire's claim for damages is limited by 35 U.S.C. §§ 286 and/or 287.

## SEVENTH AFFIRMATIVE DEFENSE

H. Lemaire's claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

I. Lemaire's complaint fails to state claims upon which relief can be granted.

## RESERVATION OF RIGHTS

HTC reserves the right to amend should it learn of additional information or defenses.

## PRAYER FOR RELIEF

WHEREFORE, HTC requests the Court to enter judgment in its favor and grant the following relief:

A. Judgment declaring that HTC has not infringed and does not infringe any claim of the '661 patent, either directly or indirectly, individually or jointly, literally or under the doctrine of equivalents;

B. Judgment declaring that the '661 patent's claims are invalid;

C. Judgment declaring that HTC has not infringed and does not infringe any claim of the '390 patent, either directly or indirectly, individually or jointly, literally or under the doctrine of equivalents;

D. Judgment declaring that the '390 patent's claims are invalid;

E. Judgment declaring that HTC has not infringed and does not infringe any claim of the '266 patent, either directly or indirectly, individually or jointly, literally or under the doctrine of equivalents;

F. Judgment declaring that the '266 patent's claims are invalid;

G. Judgment that HTC is not liable for the relief sought in the Complaint with respect to Lemaire Illumination's patent infringement allegations, denying Lemaire Illumination all such relief, and dismissing Lemaire Illumination's claims with prejudice;

H. Judgment declaring this case exceptional under 35 U.S.C. § 285 and that HTC is entitled to recover its reasonable fees, expenses, and costs incurred in connection with this litigation; and

I. Any such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY

HTC hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated:  May 31, 2018 | /s/ *Matthew C. Bernstein*<br>Matthew C. Bernstein<br>Lead Attorney<br>CA State Bar No. 199240<br>MBernstein@perkinscoie.com<br>Miguel J. Bombach<br>CA State Bar No. 274287<br>MBombach@perkinscoie.com<br>PERKINS COIE LLP<br>11988 El Camino Real, Suite 350<br>San Diego, CA 92130<br>Tel: (858) 720-5700<br>Fax: (858) 720-5799<br><br>Eric Findlay<br>State Bar No. 00789886<br>efindlay@findlaycraft.com<br>Brian Craft<br>State Bar No. 04972020<br>bcraft@findlaycraft.com<br>FINDLAY CRAFT, P.C.<br>102 N. College Ave., Suite 900<br>Tyler,  TX 75702<br>Tel: (903) 534-1100<br>Fax: (903) 534-1137<br><br>*Attorneys for HTC Corp.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 31, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein