IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEMAIRE ILLUMINATION TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:18-CV-00021-JRG |
| HTC CORPORATION, | § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant HTC Corporation's ("HTC") Motion for Partial Judgment on the Pleadings of Counts II and III ("the Motion"). (Dkt. No. 40). Pursuant to Fed. R. Civ. P. 12(c), HTC seeks judgment on the pleadings with respect to Counts II and III of the complaint filed by Plaintiff Lemaire Illumination Technologies, LLC ("Lemaire"). Having considered the Motion, and for the reasons described herein, the Court finds it should be and hereby is **DENIED**. However, in view of Lemaire's cancellation of the claims at issue in Counts II and III, the Court *sua sponte* **DISMISSES AS MOOT** both Count II and Count III of Lemaire's complaint.

I. **Factual and Procedural Background**

On January 23, 2018, Lemaire filed a complaint alleging that HTC had infringed three of its patents: U.S. Patent No. 6,095,661 ("the '661 Patent"), U.S. Patent No. 6,588,390 ("the '390 Patent"), and U.S. Patent No. 9,119,266 ("the '266 Patent"). (Dkt. No. 1). The complaint's infringement allegations are organized into three counts—one for each allegedly infringed patent. Specifically, Count I alleges that HTC "infringes one or more claims of the '661 Patent . . . including claim 34 of the '661 Patent." (*Id.* at 15). Count II alleges that HTC "infringes one or more claims of the '390 Patent . . . including claim 19 of the '390 Patent." (*Id.* at 18–19). Count

III alleges that HTC "infringes one or more claims of the '266 Patent . . . including claim 9 of the '266 Patent." (*Id.* at 22).

As required by Local Patent Rule 3-1, Lemaire served its infringement contentions on August 28, 2018. (Dkt. No. 40 at 2). Rule 3-1 requires plaintiffs to identify "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party." P.R. 3-1(a). For Count II, Lemaire identified only claim 19 of the '390 Patent and for Count III, Lemaire identified claim 9 of the '266 Patent. (*See id.* at 2; Dkt. No. 44 at 3). Both Lemaire and HTC agree that those are the only claims at issue for Counts II and III, respectively. (Dkt. No. 40 at 2; Dkt. No. 44 at 3).

While this action was pending, HTC filed parallel petitions for *inter partes* review challenging the validity of several claims in each asserted patent, including claim 19 of the '390 Patent and claim 9 of the '266 Patent. In response, Lemaire filed a statutory disclaimer that canceled both of those claims, as well as other claims. *See HTC Corp. v. Lemaire Illumination Techs., LLC*, IPR 2009-00091, Paper No. 6, Ex. No. 2008 (P.T.A.B. Feb. 7, 2019) (disclaiming claims 9, 10, 19, 20, 21, 22, and 23 of the '390 Patent); *HTC Corp. v. Lemaire Illumination Techs., LLC*, IPR 2009-00092, Paper No. 6, Ex. No. 2011 (P.T.A.B. Feb. 8, 2019) (disclaiming claims 1, 3, 4, 6–16, and 18–20 of the '266 Patent); *accord* 35 U.S.C. § 253 (granting patentee authority to disclaim issued or pending claims); 37 C.F.R. 1.321 (implementing § 253). At HTC's unopposed request, this Court took judicial notice of both of Lemaire's statutory disclaimer filings. (Dkt. No. 43).

HTC now brings the present Motion seeking partial judgement on the pleadings pursuant to Fed. R. Civ. P. 12(c). HTC argues that partial judgment on the pleadings is appropriate because Lemaire has no remaining infringement claims for either Count II or Count III. (Dkt. No. 40). Lemaire agrees that it has no remaining infringement claims for either Count, but argues that relief

under Rule 12(c) is overbroad because it may unintentionally create claim preclusion for *all* claims in the '390 Patent and '266 Patent, whether asserted in this case or not. (Dkt. No. 44). HTC replies that some degree of claim preclusion may well be justified, and accuses Lemaire of engaging in piecemeal litigation because Lemaire has brought another patent infringement case in the Western District of Washington on different claims of the same three patents asserted in this case. (Dkt. No. 48 at 4–5). Neither party briefed the mootness issue.

**II.      Legal Standard**

A patentee's statutory disclaimer "relinquishes the rights of the patent owner" and cancels the claims subject to the disclaimer. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017); *Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996). "[T]he patent is viewed as though the disclaimed claims had never existed in the patent." *Guinn*, 96 F.3d at 1422 (citing *Altoona Publix Theatres, Inc. v. Am. Tri–Ergon Corp.*, 294 U.S. 477, 492 (1935)). As a result, any action or cause based on those canceled claims is rendered moot, and must be dismissed. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1336–37 (Fed. Cir. 2013) (quoting *Moffitt v. Garr*, 66 U.S. 273, 283 (1861)).

Federal courts "are under an independent obligation to examine" whether a case has become moot even if the issue has not been raised by the parties. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) ("[A] mootness issue quite clearly can be raised *sua sponte* if not addressed by the parties."). Since Article III of the Constitution only permits federal courts to adjudicate a case or controversy, a mooted action—which presents no case or controversy—falls outside the subject-matter jurisdiction of the federal courts. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013) (holding that suit became moot and "was, therefore, appropriately dismissed for lack of subject-matter jurisdiction"); *see*

*also Liner v. Jafco, Inc.*, 375 U.S. 301, 306 (1964) ("[L]ack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *accord Hogan v. Miss. Univ. for Women*, 646 F.2d 1116, 1117 (5th Cir. 1981), *aff'd*, 458 U.S. 718 (1982).

Dismissals for mootness must be without prejudice because federal courts lack jurisdiction to reach the merits of a mooted claim. *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1025 (Fed. Cir. 2016) ("[A] dismissal for mootness is a dismissal for lack of jurisdiction. A dismissal for lack of jurisdiction is not a dismissal on the merits. Rather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question, and '[w]ithout jurisdiction the court cannot proceed at all in any cause.'"); *accord Topper v. Progressive Cty. Mut. Ins. Co.*, 598 F. App'x 299, 300 (5th Cir. 2015) ("[D]ismissal for lack of subject matter jurisdiction should . . . [be] without prejudice, as a district court is unable to reach the merits of claims over which it has no subject matter jurisdiction."). Similarly, summary judgment and judgment on the pleadings are inappropriate once a claim becomes moot because both judgements address the merits of an asserted claim. *See SHFL Entm't, Inc. v. DigiDeal Corp.*, 729 F. App'x 931, 932 (reversing district court's grant of summary judgment based on cancelation of patent claims and remanding for dismissal of the canceled claims as moot).

After dismissing the mooted claims, the district court must proceed with any remaining live claims. *See id.* (ordering the district court to examine potentially live patent claims rather than requiring the patentee to refile a new action).

### III. Discussion

The Court **DENIES** HTC's Motion for Partial Judgment on the Pleadings because it addresses the merits of mooted claims for patent infringement. *See Fresenius*, 721 F.3d at 1336–37; *SHFL Entm't*, 729 F. App'x at 932. The only patent infringement claims in Counts II and III—claim 19 of the '390 Patent and claim 9 of the '266 Patent, respectively—became moot once Lemaire filed its statutory disclaimer of those claims with the Patent and Trademark Office. *See Rembrandt*, 853 F.3d at 1383; *Fresenius*, 721 F.3d at 1336–37. As a result, the Court "is unable to reach the merits" of the patent infringement claims contained in Counts II and III, and must dismiss both counts without prejudice as moot. *See Topper*, 598 F. App'x at 300; *Target Training*, 645 F. App'x at 1025; *SHFL Entm't*, 729 F. App'x at 932. Since the parties do not dispute that the Court maintains jurisdiction over Count I, the Court limits its dismissal to Counts II and III and the claims therein, instead of dismissing the entire action. *See SHFL Entm't*, 729 F. App'x at 932 (instructing the district court to proceed with evaluation of potentially live claims rather than dismissing the entire action when only some claims were properly determined to be moot).

### IV. The Question of Preclusion

The parties spend significant time in the briefing asking the Court to tailor its ruling in light of claim preclusion issues. At the outset, these arguments are misguided because this Court cannot "dictate to other courts the preclusion consequences of its own judgement." *See Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, 754 F. App'x 955, 964 (Fed. Cir. 2018); *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011). Indeed, "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . . ." *Smith*, 564 U.S. at 307; *Taser Int'l*, 754 F. App'x at 964. Nonetheless, in light of the extensive briefing of the issue, the Court briefly addresses preclusion to provide whatever guidance it may afford to the parties.

This Court holds the view that its Order should not give rise to any form of claim preclusion because dismissal for lack of subject-matter jurisdiction is not "a final judgment *on the merits*" of the underlying patent infringement claim.[1] It is settled law that "dismissal for lack of subject-matter jurisdiction does not preclude a second action on the same claim." 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4436 (3d ed. 2010) (collecting cases) (quoting *Hughes v. United States*, 71 U.S. 232, 237 (1866) ("If the first suit was dismissed for . . . want of jurisdiction . . . the judgment rendered will prove no bar to another suit.")).

Further, the substantive considerations underlying the claim preclusion analysis independently cut against granting a preclusive effect to this Order, because this Court's local rules, standing orders, and case law expressly require that the parties narrow the case to the extent practicable. *See, e.g.*, Local P.R. 4-1 & 4-2; *L.C. Eldridge Sales Co. v. Azen Mfg. Ltd.*, No. 6:11CV599, 2013 WL 7937026, at *7 (E.D. Tex. Oct. 11, 2013) (describing the narrowing process required by this Court's local rules); *Vertical Comput. Sys., Inc. v. Interwoven, Inc.*, No. 2:10-CV-490-JRG, 2013 WL 12310807, at *1 (E.D. Tex. Sept. 13, 2013) (same). It would be unfair to require litigants to narrow their cases in one court, and then penalize them for such narrowing in another.

V.  **Conclusion**

The Court **DENIES** HTC's Motion for Partial Judgment on the Pleadings of Counts II and III (Dkt. No. 40) because the patent infringement claims in Counts II and III of the complaint have been rendered moot by Lemaire's statutory disclaimer canceling all claims asserted in both Counts.

---

[1] Federal common law governs claim preclusion in cases whose subject-matter jurisdiction is based on the presence of a federal question. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 n.9 (5th Cir. 2016) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). "Under federal common law: [t]he test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Snow Ingredients*, 833 F.3d at 521.

Accordingly, and without prejudice, the Court *sua sponte* **DISMISSES AS MOOT** Counts II and III of Lemaire's complaint. Finally, this Order does affect Count I or the infringement claims contained therein, which remains live before the Court.

**So ORDERED and SIGNED this 4th day of April, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE